1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL S. BERMAN and DARRELL          No.  2:15-cv-01722-MCE-KJN
     B. STAPP,
12
                    Plaintiffs,
13                                          **MEMORANDUM AND ORDER**

14          v.

15   EDMUND G. BROWN, JR., Governor
     of California, in his official capacity, and
16   JEFFREY A. BEARD, Secretary of the
     California Department of Corrections
17   and Rehabilitation, in their official
     capacities,
18
                    Defendants.
19

20          Plaintiffs Michael S. Berman and Darrell B. Stapp ("Plaintiffs") initiated this action

21   against Defendants Edmund G. Brown, Jr., Governor of California, and Jeffrey A. Beard,

22   Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), in

23   their official capacities (collectively "Defendants").  Plaintiff claims Defendants' exclusion

24   of men from California's Alternative Custody Program ("ACP"), as authorized by

25   California Penal Code section 1170.05, violates the Equal Protection Clause of the

26   Fourteenth Amendment to the United States Constitution.  On September 1, 2015, the

27   Court ordered that this case is related to Sassman v. Brown, 2:14-cv-1679-MCE-KJN

28   ("Sassman"), a case in which Plaintiff William Sassman pursued identical challenges to

                                              1

1    those raised here.  Subsequently, on September 9, 2015, this Court granted summary

2    judgment in favor of Mr. Sassman and directed Defendants to permit male inmates to

3    apply to the ACP.  Presently before the Court are Plaintiffs' Motion for Summary

4    Judgment (ECF No. 31) and Defendants' Motion to Stay (ECF No. 33).  For the following

5    reasons, the Motion for Summary Judgment is GRANTED, and the Motion to Stay is

6    DENIED as moot.[1]

7

8                                    **ANALYSIS**[2]

9

10       Plaintiffs seek an order of summary judgment because this Court has already

11   ruled in Sassman that the ACP's exclusion of male inmates does not pass constitutional

12   scrutiny.  Accordingly, Plaintiffs contend that Defendants are collaterally estopped from

13   relitigating those issues here.  Defendants disagree, arguing that Plaintiffs should not be

14   permitted to offensively invoke the collateral estoppel doctrine when they could easily

15   have joined Mr. Sassman's action.  They also contend that this Court's decision in

16   Sassman is not sufficiently firm because Defendants have noticed an appeal in that

17   case.  Plaintiffs have the better arguments.

18       Reliance on collateral estoppel as a bar to further litigation "is appropriate only if

19   (1) there was a full and fair opportunity to litigate the identical issue in the prior action;

20   (2) the issue was actually litigated in the prior action; (3) the issue was decided in a final

21   judgment; and (4) the party against whom issue preclusion is asserted was a party or in

22   privity with a party to the prior action."  Syverson v. Int'l Bus. Machs. Corp., 472 F.3d

23   1072, 1078 (9th Cir. 2007) (internal citations omitted).  "[T]rial courts have broad

24

25       [1] Because oral argument would not have been of material assistance, the Court ordered this
     matter submitted on the briefs.  E.D. Cal. Local R. 230(g).

26       [2] The facts pertaining to the ACP and the State's exclusion of men from that program are set forth
27   in detail in the Court's memorandum and order granting William Sassman's motion for summary judgment.
     See Sassman v. Brown, 2:14-cv-01679-MCE-KJN, 99 F. Supp. 3d 1223 (E.D. Cal. 2015).  That decision is
     incorporated here in its entirety.

28

1  discretion to determine when [offensive collateral estoppel] should be applied."  Parklane

2  Hosiery Co., Inc. v. Shore, 439 U.S. 322, 331 (1979).  "The general rule should be that in

3  cases where a plaintiff could easily have joined in the earlier action or where . . . the

4  application of offensive estoppel would be unfair to a defendant, a trial judge should not

5  allow the use of offensive collateral estoppel."  Id.

6         Collateral estoppel bars Defendants from defending against Plaintiffs' action.

7  Defendants were parties to the Sassman action, where they litigated issues identical to

8  those raised here, and a final judgment was issued against them.  Moreover, despite

9  Defendants' arguments to the contrary, it is not clear to the Court that the Plaintiffs in this

10  action could easily have joined the Sassman proceedings.  By the time Plaintiffs

11  contacted counsel to initiate this action, the Court was preparing to rule on the Sassman

12  motions for summary judgment.  Regardless, the Court fails to see how Plaintiffs in this

13  case would have gained much tactical advantage by taking a "wait and see" approach

14  with regard to the Sassman proceedings.  Had the Court ruled against Mr. Sassman on

15  what were essentially purely legal issues, Plaintiffs' claims would have fallen as well.  It

16  is thus implausible Plaintiffs could have maneuvered themselves into a position to take

17  another bite at the apple simply by waiting for a ruling in the related case.  Furthermore,

18  Defendants identify no prejudice they will suffer by entry of judgment in this case, when

19  the Court has already ruled that all eligible male inmates must be considered for the

20  ACP.  Finally, Defendants' argument that this Court's decision is not "sufficiently firm" is

21  rejected.  Defendants cite no authority for the proposition that a pending appeal renders

22  a judgment less final.  To the contrary, appeals do not affect the firmness of district court

23  decisions.  See Robi v. Five Platters, Inc., 838 F.2d 318, 327 (9th Cir. 1988).  Plaintiffs

24  are entitled to summary judgment, and Defendants' request for a stay is moot.

25  ///

26  ///

27  ///

28  ///

1

**CONCLUSION**

2

3        For the reasons set forth above, Plaintiffs' Motion for Summary Judgment (ECF

4    No. 31) is GRANTED, and Defendants' Motion to Stay (ECF No. 33) is DENIED.  This

5    Court's orders in <u>Sassman</u> are incorporated herein and any future orders with regard to

6    Defendant's compliance with the Court's orders in that case shall be incorporated herein

7    as well.

8        IT IS SO ORDERED.

9    Dated:  December 15, 2015

10

11

12    _____
      MORRISON C. ENGLAND, JR., CHIEF JUDGE
13    UNITED STATES DISTRICT COURT

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4